**Affirmed and Memorandum Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00053-CR

### CLIFFTON JAVON JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 13-DCR-063125**

## M E M O R A N D U M   O P I N I O N

Appellant Cliffton Javon Johnson appeals his conviction for injury to the elderly. In a single issue, appellant argues the evidence is insufficient to sustain the element of bodily injury to the complainant. We affirm.

### BACKGROUND

Appellant's grandfather, Charlie Johnson, testified that he is 82 years old. On the date of the offense Johnson was visiting his daughter's house when

appellant and a friend named Patrick Smith came to Johnson's daughter's house.[1] Johnson saw appellant hit Smith, and attempted to break up the fight by talking with appellant. Appellant and Johnson exchanged cross words, and appellant hit Johnson so hard that Johnson fell to the ground injuring his left hip, left arm, and cutting his face near his eye. Johnson's daughter also attempted to intervene, but appellant assaulted her.

Smith testified that appellant was taking PCP on the day of the offense. Smith saw appellant hit Johnson and knock him down, and also saw appellant hit his mother. Appellant's mother also testified to the assault on Johnson.

Appellant testified that he had not taken PCP on the day of the offense, but had drunk two 24-ounce beers. Appellant said he did not intentionally hit Johnson, but that Johnson jumped into an altercation between appellant, Smith, and appellant's "Uncle Keith."

One of Johnson's granddaughters testified that she had asked Johnson to sign an affidavit stating that appellant had not intentionally assaulted him. The granddaughter wrote out the language, which read, "I do not believe my grandson, Clifton Jovan [sic] Johnson, intentionally hit me during an altercation at my daughter's home in April 2013. My grandson is not a harmful person, and I am certain he did not strike me knowingly and intentionally." Johnson testified that he remembered signing an affidavit, but the document he signed did not contain that language.

## ANALYSIS

In a single issue appellant challenges the sufficiency of the evidence to support his conviction. Specifically, he challenges the sufficiency of the evidence

---

[1] Johnson's daughter is appellant's mother.

2

to sustain the element of bodily injury to Johnson.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In making this review, an appellate court considers all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).

We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Brooks v. State*, 323 S.W.3d 893, 900 (Tex. Crim. App. 2010). We defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *Id*. The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *Id*. In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

A person commits the offense of injury to the elderly if he intentionally, knowingly, recklessly, or with criminal negligence, engages in conduct that causes to an elderly individual: (1) serious bodily injury; (2) serious physical or mental deficiency or impairment; (3) disfigurement or deformity; or (4) bodily injury. Bodily injury is defined as, "physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07(8). This definition is broadly construed to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim.

3

App. 1989). "A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

The record reflects testimony from the victim and two witnesses that appellant hit Johnson so hard that Johnson fell to the ground. Johnson testified that his left arm and hip were injured. The State admitted a photograph of Johnson showing the injury to his face. Based on Johnson's testimony, and the jury's view of the photographs showing Johnson's injury, a rational juror could have concluded that Johnson suffered bodily injury as a result of appellant striking him. Therefore, we conclude a rational jury could have found beyond a reasonable doubt that appellant committed the offense of injury to the elderly. We overrule appellant's sole issue.

The trial court's judgment is affirmed.


/s/      Ken Wise
         Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).